IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

WILLIE FIELDS, III,

        Plaintiff,

vs.                                        No. 07-2161-B/V

MEMPHIS SHELBY COUNTY
JUVENILE COURT,

        Defendant.

_____

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

Plaintiff, Willie Fields, III, a resident of Memphis, filed this pro se complaint against the Memphis Shelby County Juvenile Court ("Juvenile Court"). He paid the filing fee. The Clerk shall not issue process or serve any papers in this case.

Fields alleges that Juvenile Court grants greater rights to the custodial parent than the noncustodial parent. He also contests Juvenile Court's jurisdiction to decide what is in the best interests of his child. Plaintiff seeks a determination from this Court that his interest in his children is greater than the interest of Juvenile Court and an injunction which prevents Juvenile Court from issuing rulings which do not provide equal rights to noncustodial parents.

A suit against the Juvenile Court is a suit against the State of Tennessee. Any claims against the State of Tennessee are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity,

the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). A state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989). Even to the extent that a suit seeks only injunctive relief against a State, the Eleventh Amendment still bars the action. Idaho v. Coeur D'Alene Tribe of Idaho, 117 S. Ct. 2028, 2041-42 (1997).

Fields may not attack the state court custody proceedings or judgments in a collateral proceeding in federal court. This would amount to obtaining review in this court of the decision of a Tennessee court. Any claim arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in . . . [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of
> mandamus to direct state courts or their judicial
> officers in the performance of their duties. <u>Clark v.
> Washington</u>, 366 F.2d 678 (9th Cir. 1966); <u>Campbell v.
> Washington State Bar Ass'n</u>, 263 F. Supp. 991 (W.D. Wash.
> 1967).

<u>Haggard v. State of Tennessee</u>, 421 F.2d 1384, 1386 (6th Cir. 1970).

To the extent that the state courts still have jurisdiction over any aspect of Plaintiff's dispute, this Court cannot exercise jurisdiction to interfere in the exercise of the state court's jurisdiction over those domestic relations issues. <u>See, e.g.</u>, <u>Mann v. Conlin</u>, 22 F.3d 100, 105-06 (6th Cir. 1994); <u>Hooks v. Hooks</u>, 771 F.2d 935, 942 (6th Cir. 1985); <u>Firestone v. Cleveland Trust Co.</u>, 654 F.2d 1212, 1215 (6th Cir. 1981); <u>Jagiella v. Jagiella</u>, 647 F.2d 561, 565 (5th Cir. 1981); <u>Parker v. Turner</u>, 626 F.2d 1, 4 (6th Cir. 1980). The state court is the proper forum for Fields to air and litigate any arguments and defenses regarding child custody and support. Thus, this Court must abstain from exercising any jurisdiction over claims for relief which arise from the state court proceedings and decrees.

Under <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999), a district court should dismiss a paid complaint for want of subject matter jurisdiction if the claims are "frivolous, attenuated, or unsubstantial." <u>See</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974). Fields' contentions are legally frivolous in this Court because they are either based on an "indisputably meritless legal theory" or are "claims whose factual contentions are clearly baseless." <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>see also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Plaintiff's claims are,

3

therefore, inadequate to invoke this Court's subject matter
jurisdiction. Accordingly, the complaint is DISMISSED pursuant to
Fed. R. Civ. P. 12(h)(3). Hagans, 415 U.S. at 536-37; Apple, 183
F.3d at 479.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may
not be taken in forma pauperis if the trial court certifies in
writing that it is not taken in good faith. The good faith
standard is an objective one. Coppedge v. United States, 369 U.S.
438, 445 (1962). The same considerations that lead the Court to
dismiss this case for lack of subject matter jurisdiction also
compel the conclusion that an appeal would be devoid of subject
matter jurisdiction and would not be taken in good faith. It is
therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any
appeal in this matter by Plaintiff is not taken in good faith and
Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v.
Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United
States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any
appeal filed by the Plaintiff in this case. If Plaintiff files a
notice of appeal, he must pay the entire $455 filing fee required
by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid
within thirty (30) days of the filing of the notice of appeal.

---

[1]    The fee for docketing an appeal is $450. See Judicial Conference
Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917,
a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or
> application for appeal or upon the receipt of any order allowing,
> or notice of the allowance of, an appeal or of a writ of certiorari
> $5 shall be paid to the Clerk of the district court, by the
> appellant or petitioner.

By filing a notice of appeal the Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.


IT IS SO ORDERED this 9th day of April, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2]      The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.